UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80429-MARRA/JOHNSON

AMERISURE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

vs.

R.L. LANTANA BOATYARD, LTD.,
a dissolved Florida limited partnership,
CURRENT BUILDERS OF FLORIDA, INC.,
a Florida corporation, MOORINGS AT LANTANA
CONDOMINIUM NO. TWO ASSOCIATION, INC.,
A Florida not-for-profit corporation, and TRG-
LANTANA BOATYARD, INC., a Florida corporation,

    Defendants.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court upon Defendant Moorings at Lantana Condominium No. Two Association, Inc.'s ("Moorings") Motion to Dismiss the Complaint. (DE 6). The motion is fully briefed and ripe for review. The Court has carefully considered the briefs and is fully advised in the premises.

**Background**

This action for declaratory judgment arises from an underlying state-court action currently pending in the Fifteenth Judicial Circuit of Florida, styled *Moorings at Lantana Condominium No. Two Ass'n v. R.L. Lantana Boatyard, Ltd., et al.*, No. 50-2007-021461-XXXX-MB.  Compl. ¶ 12.  The plaintiff in that suit, Defendant Moorings, is a condominium association suing certain developers and contractors for alleged construction defects at

Moorings's condominium site.  Compl. ¶¶ 8, 12, 14.  The developers and contractors whom Moorings is suing—R.L. Lantana Boatyard ("RLLB"), TRG-Lantana Boatyard, and Current Builders of Florida—are the co-defendants in this action.  Compl. ¶ 12.

The plaintiff in this action, Amerisure Insurance Company ("Amerisure"), is Current Builders' and, derivatively, RLLB's insurance provider.  Compl. ¶¶ 11, 20, 22-23.  Amerisure is currently providing a defense to the defendants in the underlying action, but is not itself a party in that action.  Compl. ¶¶ 24-25.  Amerisure filed this action seeking declarations that under the insurance policy (1) its coverage to RLLB is excess over any other insurance carried by RLLB, and (2) it has no duty to indemnify RLLB for the claims in the underlying action.  Compl. ¶¶ 30-42.  Moorings, a non-party to the insurance policy, now moves to dismiss Amerisure's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Legal Standard**

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  When considering a motion to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as true and

2

constru[e] them in the light most favorable to the plaintiff." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted).

**Discussion**

Moorings, a non-party to the insurance policy, argues that Amerisure's allegations are directed entirely towards the other defendants and not against it.  Therefore, Moorings argues, Amerisure's complaint does not state a cause of action against it.  Amerisure opposes Moorings's motion, arguing that Moorings, as the plaintiff seeking damages from the insured in the underlying action, is a necessary party to this action, in which it seeks a declaration of the rights and obligations under the policy towards the insured.  The Court agrees with Amerisure and will therefore deny Moorings's motion to dismiss.

Because the Court's jurisdiction over this suit is based upon diversity of citizenship, 28 U.S.C. § 1332, Florida law applies to substantive issues.  *E.g.*, *Hunnings v. Texaco Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994); *Broyles v. Bayless*, 878 F.2d 1400, 1402 (11th Cir. 1989).  However, "the operation of the Declaratory Judgment Act is procedural only," and thus federal law applies. *GTE Directories Publishing Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995). Under federal law, declaratory-judgment actions should include all "parties having adverse legal interests," *Septum, Inc. v. Keller*, 614 F.2d 456, 459 (11th Cir. 1980), and parties whose "interests would be prejudiced" were the case allowed to proceed without them.  *Ranger Ins. Co. V. United Housing of New Mexico*, 488 F.2d 682, 683 (5th Cir. 1974).[1]

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

Here, Amerisure's declaratory action asks the Court to determine whether certain insurance-contract provisions limit Amerisure's coverage or eliminate Amerisure's duty to indemnify one of the defendants in the underlying lawsuit.  If these limitations and exclusions apply, they could limit Amerisure's exposure arising from the underlying suit and limit Moorings's ability to recover damages from the insured defendants.  Moorings plainly has an interest in this matter that would be prejudiced were the case to proceed without it.  *See Capitol Specialty Ins. Corp. v. R.G. Rancho Grande Corp.*, No. 09-22685, 2010 WL 1541187, at *1-2 (S.D. Fla. Apr. 16, 2010) ("Plaintiff's declaratory judgment action asks the Court to determine whether an exclusion in the insurance policy applies such that Plaintiff owes no duty to defend or indemnify the [] Defendants.  If the exclusion applies, it could eliminate Plaintiffs' liability in the underlying suit. . . . Therefore, Florida law makes clear that [the plaintiffs in the underlying suit] are proper parties to this suit."); *Auto-Owners Ins. Co. v. Emerald Star Casino & Resorts, Inc.*, No. 09-1129, 2009 WL 3446745, at *2 (M.D. Fla. Oct. 21, 2009) (holding that though plaintiffs in the underlying state-court action were not parties to the insurance contract, "[a]s the injured parties, [they] have an interest in this declaratory judgment action, and their inclusion is permissible under Florida law.").

Moreover, if Moorings were not a party to this declaratory action, then Amerisure's declaratory judgment against the co-defendants would not bind Moorings.  *See, e.g.*, *Indep. Fire Ins. Co. v. Paulekas*, 633 So. 2d 1111, 1113 (Fla. 3d DCA 1994) ("A declaratory action obtained by an insurer against its insured is not binding on a third-party claimant who was not a party to the declaratory judgment action.").  The legal effect of the Court's declaratory judgment would be undermined if Moorings later could sue Amerisure for damages under the terms of the

insurance policy[2] irrespective of this Court's judgment regarding Amerisure's obligations, or lack thereof, under that policy.

For these reasons, the Court finds that Amerisure's complaint alleges facts showing that Moorings is a necessary party to this action.  Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Moorings at Lantana Condominium No. Two Association, Inc.'s Motion to Dismiss the Complaint (DE 6) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County Florida, this 5th day of November, 2010.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record

---

[2] Under Florida law, "a person not an insured under the terms of the liability insurance contract" may sue the insurer after such person "obtain[s] a settlement or verdict against a person who is an insured under the terms of such policy." Fla. Stat. § 627.4136.