UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80429-MARRA/JOHNSON

AMERISURE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

vs.

R.L. LANTANA BOATYARD, LTD.,
a dissolved Florida limited partnership,
CURRENT BUILDERS OF FLORIDA, INC.,
a Florida corporation, MOORINGS AT LANTANA
CONDOMINIUM NO. TWO ASSOCIATION, INC.,
A Florida not-for-profit corporation, and TRG-
LANTANA BOATYARD, INC., a Florida corporation,

    Defendants.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendants RL Lantana Boatyard, LTD. and TRG-Lantana Boatyard, Inc.'s (collectively, "RLLB") Motion to Dismiss the Complaint. (DE 25). The motion is fully briefed and ripe for review. The Court has carefully considered the briefing and is otherwise fully advised in the premises.

## Background

This action for declaratory judgment arises from an underlying state-court action currently pending in the Fifteenth Judicial Circuit of Florida, styled *Moorings at Lantana Condominium No. Two Ass'n v. R.L. Lantana Boatyard, Ltd., et al.*, No. 50-2007-021461-XXXX-MB. Compl. ¶ 12. The plaintiff in that suit—Defendant Moorings at Lantana Condominium No. Two Association, Inc. ("Moorings")—is a condominium association suing

certain developers and contractors for alleged construction defects at its condominium site. Compl. ¶¶ 8, 12, 14.  The developers and contractors whom Moorings is suing—R.L. Lantana Boatyard ("RLLB"), TRG-Lantana Boatyard, and Current Builders of Florida—are the co-defendants in this action.  Compl. ¶ 12.

Plaintiff here—Amerisure Insurance Company ("Amerisure")—has filed a claim for declaratory relief seeking a declaration of the parties' rights and obligations regarding the extent of coverage under the insurance policy issued by Amerisure to Defendants Current Builders of Florida and, derivatively, RLLB.  Specifically, Amerisure seeks a declaration that (1) its coverage to RLLB is excess over any other insurance carried by RLLB, and (2) it has no duty to indemnify RLLB for the claims in the underlying action.  Compl. ¶¶ 30-42.

RLLB now moves to dismiss Amerisure's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  RLLB argues that under the *Brillhart* doctrine, as recently interpreted by the Eleventh Circuit in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005), the Court should dismiss this federal declaratory action in favor of the underlying state-court action.

**Legal Standard**

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(quoting *Twombly*, 550 U.S. at 570). Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted).

**Discussion**

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). "It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas*, 411 F.3d at 1330. The Supreme Court has thus cautioned that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). When confronted with such parallel proceedings, the district court "should ascertain whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." *Id.* If so, the district court should exercise its discretion to dismiss the declaratory action in favor of the parallel state-court action. *See, e.g.*, *Ameritas*, 411 F.3d at 1332. District courts have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton*, 515 U.S. at 286.

RLLB argues that under *Brillhart* and *Ameritas*, the Court should abstain from hearing this declaratory action in favor of the underlying state-court action. Def.'s Mot. at 2. The

Eleventh Circuit in *Ameritas* provided a list of factors to consider as "guideposts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*," a list that "is neither absolute nor is any one factor controlling." *Ameritas*, 411 F.3d at 1331. Here, however, the Court need to address the entire *Ameritas* list because "'the fact that the parties and issues are not the same in the state case and the federal case precludes a dismissal under *Brillhart*.'" *Victoria Select Ins. Co. v. Vrchota Corp.*, No. 09-80979, 2009 WL 4728016, at *2 (S.D. Fla. Dec. 3, 2009) (quoting *St. Paul Fire & Marine Ins. Co. v. Sea Quest Int'l, Inc.*, 2006 WL 889994, at *2 (M.D. Fla. Mar. 31, 2006)); *see also Brillhart*, 316 U.S. at 495 (explaining that a federal declaratory action would be "uneconomical as well as vexatious" if the parallel state-court action "present[ed] the *same issues*, not governed by federal law, between the *same parties*.") (emphases added); *Northern Ins. Co. of N.Y. v. David Nelson Const. Co.*, 41 F. Supp. 2d 1332, 1340 (M.D. Fla. 1999) (holding that dismissal under the *Brillhart* doctrine was unwarranted because "these are not the same parties as listed on the complaint of the state court proceeding" and "there is an additional issue to consider in federal court which is not addressed in the state court proceeding").

Here, Plaintiff Amerisure is not a named party in the underlying state-court action. Compl. ¶ 12. Moreover, the state-court proceedings concern RLLB's liability to Moorings for construction defects—along with cross claims between RLLB and Current Builders regarding alleged breaches of their construction contract. Compl. ¶¶ 12, 16-19. This declaratory action, by contrast, concerns Amerisure's duty to indemnify RLLB. The two proceedings thus involve different parties and present different issues, and dismissal under the *Brillhart* doctrine is unwarranted.

RLLB also raises a justiciability argument in its reply memorandum, arguing that this case does not yet present an actual case or controversy.[1]  The Court disagrees.  "For a controversy to exist, 'the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Atlanta Gas Light Co. v. Aetna Cas. & Surety Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).  Here, Plaintiff Amerisure alleges that "RLLB tendered a request for defense and indemnification of the Underlying Action complaint to Amerisure."  Compl. ¶ 23.  Plaintiff further alleges that it "believes that the Amerisure/Current Builders Policy does not provide a right of indemnification to RLLB for the claims set forth in the Underlying Action complaint."  Compl. ¶ 26.  Plaintiff has thus alleged a present, unresolved dispute between it and RLLB over the extent, if any, of Plaintiff's indemnification coverage for RLLB relating to a pending construction-defect lawsuit.  These allegations plainly show an immediate and real controversy between parties with adverse legal interest.

**Conclusion**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendants RL Lantana Boatyard, LTD. and TRG-Lantana Boatyard, Inc.'s Motion to Dismiss the Complaint

---

[1] The Court notes that RLLB's justiciability argument is raised for the first time in its reply memorandum.  Plaintiff's response memorandum did not assert new facts or material opening the door to RLLB's new grounds for dismissal.  Rather, RLLB has simply inserted additional arguments for dismissal in its reply and, consequently, Plaintiff was not given the opportunity to respond.  This alone is reason to reject RLLB's belated justiciability argument.  *See* L.R. 7.1(c).

(DE 25) is **DENIED**.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County

Florida, this 9th day of November, 2010.

                                                          _____
                                                       KENNETH A. MARRA
                                                       United States District Judge

Copies to:
Counsel of record