UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80429-MARRA/JOHNSON

AMERISURE INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

vs.

R.L. LANTANA BOATYARD, LTD.,
a dissolved Florida limited partnership,
CURRENT BUILDERS OF FLORIDA, INC.,
a Florida corporation, MOORINGS AT LANTANA
CONDOMINIUM NO. TWO ASSOCIATION, INC.,
A Florida not-for-profit corporation, and TRG-
LANTANA BOATYARD, INC., a Florida corporation,

    Defendants.
_____/

## **OPINION AND ORDER**

THIS CAUSE is before the Court upon Plaintiff Amerisure Insurance Company's ("Amerisure") Revised Motion for Summary Judgment (DE 90). The motion is fully briefed and ripe for review. The Court has carefully considered the briefs and is fully advised in the premises.

**I.**    **Background**[1]

This action for declaratory judgment arises from underlying state-court actions currently pending in the Fifteenth Judicial Circuit of Florida, styled <u>Moorings at Lantana Condominium</u>

---

[1] The material facts, culled from affidavits, exhibits, depositions, and reasonably inferred therefrom in the light most favorable for the Defendants.

1

No. Two Ass'n v. R.L. Lantana Boatyard, Ltd., et al., No. 50-2007-021461-XXXX-MB, Amended Complaint ¶ 13, and The Moorings at Lantana Master Association, Inc. v. R.L. Lantana Boatyard, Ltd., et al., No. 2009 CA 034063 XXXX MB, Amended Complaint ¶ 21 ("Underlying Actions").  The plaintiffs in that suit, Defendant Moorings at Lantana Condominium No. Two Association, Inc. ("Moorings") in the first underlying action, and The Moorings at Lantana Master Association ("Master Association") in the second underlying action, are condominium association suing certain developers and contractors for alleged construction defects at Moorings's condominium site.  Amended Complaint ¶¶ 8-9, 13, 15.  The developers and contractors whom Moorings is suing—R.L. Lantana Boatyard ("RLLB"), TRG-Lantana Boatyard, and Current Builders of Florida ("Current Builders")—are the co-defendants in this action.  Amended Complaint ¶ 13.

The plaintiff in this action, Amerisure, issued both a commercial general liability policy and an umbrella liability policy to Current Builders of Florida, Inc. ("Current Builders") with effective dates of November 15, 2002, to November 15, 2003.  DE 1-D; DE 1-E.  On July 14, 2003, Current Builders and RLLB entered into a written contract whereby Current Builders would serve as the contractor constructing a 378-unit condominium project and related amenities known as The Moorings.  DE 1-A.  As a result of the July 14 contract, RLLB became an "additional insured" covered under both Amerisure insurance policies.  Response at p. 4, ¶ 3; Reply at p. 3, ¶ 3.

On July 5, 2007, Slider Engineering Group, under the direction of Moorings, issued a "Turnover Evaluation Report" ("Report") to identify "the general condition of the physical improvements of the Moorings at Lantana II Condominium, with respect to the turnover to

2

[Moorings] from [RLLB]." Report at ¶ 1.1. The "Background" section of the Report provided that:

> The evaluation was based upon commonly accepted engineering practices and the applicable building code. The observations conducted for the evaluation were based upon the visually accessible elements. Observations were performed of selected areas of the respective improvements as a representative sample of the entire project. A detailed evaluation and examination of every element of the project was not included within the scope of the assignment. No testing of materials or exploration of concealed conditions was conducted.

Report at 1.2. Over the course of 18 pages, the "Findings" portion of the Report articulated specific design construction defects and deficiencies. Report at 2.0.

Relying on the deficiencies articulated in the Report, Moorings filed the first underlying action in state court. DE 1-2 (Underlying Action Complaint) at ¶ 15. Amerisure is currently providing a defense to the defendants in the underlying action under a reservation of rights, but is not itself a party in that action. Amended Complaint ¶¶ 28-29. The Master Association filed a second lawsuit in state court related to the alleged construction defects asserted in the first underlying action. Amended Complaint at ¶ 21. Amerisure is also providing a defense to the defendants in that action under a reservation of rights. ¶¶ 31-32. Amerisure filed this action seeking declarations that under the insurance policy (1) its coverage to RLLB is excess over any other insurance carried by RLLB,[2] and (2) it has no duty to indemnify RLLB for the claims in the underlying actions. Amended Complaint ¶¶ 39-57.

Moorings moved to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE 6). Specifically, Moorings asserted that Amerisure's allegations are directed entirely towards the other defendants, and therefore the Complaint does

---

[2] This issue is not raised in the motion for summary judgment presently before the Court.

not state a cause of action against Moorings. DE 6. The Court ultimately denied Mooring's Motion to Dismiss, holding that "if Moorings were not a party to this declaratory action, then Amerisure's declaratory judgment against the co-defendants would not bind Moorings." DE 40 at 4.

RLLB also filed a Motion to Dismiss (DE 25) for failing to state a claim under Rule 12(b)(6). RLLB asserted that the (first) underlying state court action warranted dismissal because that action was a parallel proceeding that can be better settled in the pending state court actions. DE 25. The Court rejected this argument, noting that the fact that Amerisure is not a named party in the state court action precludes dismissal. DE 41 at 3-5.

In the course of discovery, Amerisure sought admissions from Current Builders that neither it nor any of its subcontractors began any construction <u>before</u> November 16, 2003, (the date that Amerisure's coverage elapsed) that could have given rise to the damages articulated in the underlying complaints. Current Builders responded affirmatively to all requests for admissions. DE 74-1.

In its response to Plaintiff's Motion for Summary Judgment, RLLB attached an affidavit of Matthew Allen, Vice President of TRG-Lantana Boatyard, Inc., and general manager of RLLB. DE 91-1 at ¶ 3. In the affidavit, Allen stated that "Current [Builders] commenced and performed work on the Project, under both the Construction and Garage Contracts, several months prior to November 15, 2003." DE 91-1 at ¶ 6. The affidavit had numerous "Payment Applications" attached to it, seeking payment for various structural work performed on or before August 25, 2003 (Payment Application #2), September 25, 2003 (Payment Application #3), and October 25, 2003 (Payment Application #4).

4

Amerisure now seeks summary judgment in its favor and a declaration by the Court that it has no duty or obligation to idemnify RLLB.  DE 90 at 25-26.

**II.     Summary Judgment Standard**

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must show the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of Rule 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come for/ward

with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson/, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position wil/l not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by th/e non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

## III.    Discussion

Plaintiff moves this Court to enter a declaratory judgment that it has no duty or obligation to indemnify RLLB under either of the policies in question for <u>any</u> of the deficiencies outlined in the first underlying action. In support of its Motion for Summary Judgment, Plaintiff has provided sworn testimony from Current Builders that neither Current Builders or any of its contractors commenced any construction which could have given rise to the defects outlined in the Turnover Evaluation Report. In Response, RLLB provided an affidavit, with supporting documentation, giving rise to a genuine question of fact of whether work on the structure and foundation of the property began during the coverage period.

Plaintiff asserts that because neither of the underlying complaints claim damages sustained to the building's structural foundation, "there is no genuine issue of material fact which would preclude this court from granting the relief sought." Reply at 9. The Court disagrees. Viewing the facts in the light most favorable to Defendants, the non-moving parties, Plaintiff has

not presented sufficient record evidence to foreclose the possibility that a defect in the structural foundation caused some of the defects outline in the Complaint.  For example, a defectively constructed foundation could result in foundational movement which could have caused some of the cracks in stucco outlined in the Turnover Evaluation Report.  See Report at 2-20.

Plaintiff has failed to advance any evidence that disproves a causal link between potential structural defects and the defects outlined in the Report.  Absent such evidence, a genuine question of fact exists with regard to whether the defects outlined in the underlying complaints were caused by potential structural defects arising from work completed during the policy coverage period.  In light of this question of fact, summary judgment is not appropriate.

**IV.**   **Conclusion**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment (DE 90) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day January, 2012.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record